UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORAIDA LARA,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN OF FCI-DUBLIN,<br><br>    Respondent. | Case No. 22-cv-04899-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, an inmate at Valley State Prison in Federal Correctional Institute – Dublin ("FCI-Dublin") filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Her petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 7.

## DISCUSSION

**A.  Standard of Review**

A federal district court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petition**

Petitioner reports that she was sentenced on February 3, 2022, in the Eastern District of Louisiana. She does not specify her commitment offense or the length of her sentence. Dkt. No. 1

at 1. Petitioner states that she is challenging how her sentence is being carried out, calculated, or credited by prison or parole authorities. Dkt. No. 1 at 1. She alleges that the First Step Act of 2018 violates the Equal Protection Clause and the Due Process Clause because it denies good-time credits to deportable prisoners, thereby showing an impermissible animus towards non-citizen Hispanics. *See generally* Dkt. No. 1. She seeks to have this Court rule that the First Step Act of 2018 is unconstitutional, both facially and as applied, and requests that the Court order the retroactive application of good-time credits to all deportable prisoners. Dkt. No. 1 at 7.

**C.    Dismissal with Leave to Amend**

The petition is dismissed with leave to amend because it is unclear if success on Petitioner's claims will result in her immediate or speedier release. The First Step Act was enacted on December 21, 2018 and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Pursuant to the First Step Act, prisoners could earn time credits by participating in recidivism reduction programs or productive activities, and these time credits could be applied toward time in prerelease custody or supervised release. Section 101(a), 132 Stat. at 5198 (codified at 18 U.S.C. § 3632(d)(4)). However, the First Step Act specified that prisoners subject to a final order of removal under any provision of the immigration laws were ineligible to apply time credits earned from participating in recidivism reduction programs or productive activities. *Id.* at 5203 (codified at 18 U.S.C. § 3632(d)(4)(E)). Petitioner has not specified whether she is subject to a final order of removal or if she has earned time credits from participation in recidivism reduction programs or productive activities that have not been applied toward time in prerelease custody or supervised release. The Court therefore cannot determine from the petition whether Petitioner's success on her claims would result in her immediate or speedier release from custody.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or

to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).  Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).   Because it is unclear from the current petition whether success on Petitioner's claims would necessarily speedier release, the Court DISMISSES the petition with leave to amend.  In filing an amended petition, Petitioner should specify whether she is subject to a final order of removal and whether she has been denied application of time credits.  If success on her claims would not necessarily result in speedier release, Petitioner may bring these claims in a 42 U.S.C. § 1983 action.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this petition with leave to amend.  Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition addressing the deficiencies identified above.  The amended petition must include the caption and civil case number used in this order (22-cv-04899 HSG) and the words "AMENDED PETITION" on the first page.  Because an amended petition completely replaces the previous petitions, Petitioner must include in her amended petition all the claims she wishes to present.  Any claims not presented in the amended petition will be waived.  Petitioner may not incorporate material from the prior petitions by reference.  If Petitioner fails to file an amended petition within the time provided in this order, this action may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:   10/13/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge