UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORAIDA LARA,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN OF FCI-DUBLIN,<br><br>             Respondent. | Case No. 22-cv-04899-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED PETITION** |

Petitioner, an inmate at in Federal Correctional Institute – Dublin ("FCI-Dublin") filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court GRANTS Petitioner an extension of time to file an amended petition.

**DISCUSSION**

**I.    Procedural Background**

Petitioner commenced this habeas action by filing a petition on or about August 26, 2022. Dkt. No. 1. In the petition, Petitioner stated that she was sentenced on February 3, 2022, in the Eastern District of Louisiana, but did not specify her commitment offense or the length of her sentence. *See generally* Dkt. No. 1. The petition alleged that the First Step Act of 2018 violates the Equal Protection Clause and the Due Process Clause because it denies good-time credits to deportable prisoners, thereby showing an impermissible animus towards non-citizen Hispanics. The petition requested that the First Step Act of 2018 be found unconstitutional, both facially and as applied, and that the Court order the retroactive application of good-time credits to all deportable prisoners. *See generally* Dkt. No. 1.

On October 13, 2022, the Court dismissed the petition with leave to amend because it was unclear if success on Petitioner's claims would result in her immediate or speedier release, which

is required for habeas jurisdiction. The Court explained as follows:

> Pursuant to the First Step Act, prisoners could earn time credits by participating in recidivism reduction programs or productive activities, and these time credits could be applied toward time in prerelease custody or supervised release. Section 101(a), 132 Stat. at 5198 (codified at 18 U.S.C. § 3632(d)(4)). However, the First Step Act specified that prisoners subject to a final order of removal under any provision of the immigration laws were ineligible to apply time credits earned from participating in recidivism reduction programs or productive activities. *Id.* at 5203 (codified at 18 U.S.C. § 3632(d)(4)(E)). Petitioner has not specified whether she is subject to a final order of removal or if she has earned time credits from participation in recidivism reduction programs or productive activities that have not been applied toward time in prerelease custody or supervised release. The Court therefore cannot determine from the petition whether Petitioner's success on her claims would result in her immediate or speedier release from custody.

Dkt. No. 8 at 2-3. The Court ordered Petitioner to file an amended petition that addressed whether success on her claims would necessarily result in speedier release, and specified that she should indicate whether she is subject to a final order of removal or denied application of time credits. Dkt. No. 8 at 3. Petitioner was cautioned that an amended petition completely replaces prior petitions and that any claims not presented in the amended petition would be waived.

**II.   Dkt. No. 9**

On November 1, 2022, Petitioner filed a pleading titled "Amended Petition." Dkt. No. 9. However, the pleading is not a petition and does not state any claims for relief under 28 U.S.C. § 2254. Instead, the pleading states that it provides the information requested by the Court; lists Petitioner's offence code ("391, 21:846 sec 841-851 Attempt") and her sentence of 87 months; states that she is not subject to any detainers; and states that she does not know if she is subject to an ICE detainer. Dkt. No. 9.

The Court will not construe this pleading as an amended petition. An amended petition completely replaces any prior petition, and would replace the petition docketed at Dkt. No. 1. This pleading lists no claims for relief. If this pleading were construed as an amended petition, it would replace Dkt. No. 1 as the operative petition, waive the claims made in Dkt. No. 1, and leave Petitioner with no claims for relief. Presumably this is not Petitioner's intention.

The Court therefore GRANTS Petitioner a further extension of time to amend her petition. To assist Petitioner in preparing an amended petition, the Court reviews the following legal principles. Federal law opens two main avenues to relief on complaints related to imprisonment: a

petition for habeas corpus (28 U.S.C. § 2254), and a civil rights complaint (42 U.S.C. § 1983). *Hill v. McDonough*, 547 U.S. 573, 579 (2006). Habeas is the exclusive remedy for the prisoner who seeks immediate or speedier release from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). If the prisoner's claim would not necessarily spell speedier release, suit may be brought under § 1983. *Skinner*, 561 U.S. at 533-34. The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and may only be brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). In other words, Petitioner may only challenge the First Step Act's failure to grant good-time credits to deportable prisoners if she is a deportable prisoner and she has earned good-time credits that were denied to her because of her status as a deportable prisoner. In preparing her amended petition, Petitioner should clarify how success on her claims will necessarily result in speedier release.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner an extension of time to file her amended petition. Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition addressing the deficiencies identified above. The amended petition must include the caption and civil case number used in this order (22-cv-04899 HSG) and the words "AMENDED PETITION" on the first page. Because an amended petition completely replaces the previous petitions, Petitioner must include in her amended petition all the claims she wishes to present. Any claims not presented in the amended petition will be waived. Petitioner may not incorporate material from the prior petitions by reference. If Petitioner fails to file an amended petition within the time provided in this order, this action may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk shall send Petitioner two copies of Court's habeas petition form.

**IT IS SO ORDERED.**

Dated: 12/19/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge